**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHENGWEN ZHANG, | No. 16-70604 |
| Petitioner, | Agency No. A200-265-987 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2018**
Pasadena, California

Before: TASHIMA and WARDLAW, Circuit Judges, and PRATT,*** District
Judge.

Shengwen Zhang, a native and citizen of the People's Republic of China,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

petitions for review of an order by the Board of Immigration Appeals (BIA) affirming the denial of his application for asylum by an Immigration Judge (IJ). We have jurisdiction under 8 U.S.C. § 1252. We review questions of law and constitutional claims de novo. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We review the BIA's factual findings and determination of eligibility for asylum for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010); *Lin v. Gonzales*, 472 F.3d 1131, 1133 (9th Cir. 2007). We deny the petition for review.

The BIA did not adopt the IJ's adverse credibility finding. Instead, it concluded that, even assuming Zhang was credible, he had not met his burden of demonstrating that he had suffered past persecution or had a well-founded fear of future persecution based on a protected ground. Therefore, we need not address whether substantial evidence supports the adverse credibility determination.

Substantial evidence supports the BIA's affirmance of the IJ's denial of asylum because Zhang failed to show he suffered harm rising to the level of persecution. The beating and detention Zhang suffered, by themselves, are insufficient to demonstrate harm rising to the level of persecution. Additionally, Zhang did not suffer any negative employment consequences as a result of the alleged persecution. Finally, the Chinese government did not forbid Zhang from practicing the religion it imputed to him as a condition of his release from

2

detention, rather, it permitted him to continue practicing the religion it believed he practiced even though he did not. *See Guo v. Sessions*, 897 F.3d 1208, 1215–16 (9th Cir. 2018).

Furthermore, substantial evidence supports the BIA's conclusion that Zhang failed to satisfy his burden of proving a well-founded fear of future persecution. Assuming Zhang's testimony was credible, he has established the subjective prong of the well-founded-fear requirement. *See Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008). However, he cannot establish the objective reasonableness of that fear. *See id.* Presumably, Zhang's family continues to practice Catholicism in China, and Zhang has not presented any evidence that his family members have been harmed for practicing the religion imputed to him. *See Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009). Additionally, although Zhang presented evidence that the police had initially looked for him after he failed to report to the public security bureau as required, he did not present any evidence that they were still looking for him at the time of the hearing. Therefore, Zhang has not shown "'a good reason to fear future persecution' based on 'credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution.'" *Zhao*, 540 F.3d at 1029 (quoting *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000)).

**PETITION FOR REVIEW DENIED.**

3